**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:18-cv-131-RJC**
**(3:16-cr-303-RJC-DCK-1)**

| | | |
|---|---|---|
| EMMANUEL HARGROVE GUY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

   **THIS MATTER** comes before the Court on Plaintiff's "Amended Motion to Vacate

and/or for Reconsideration of Order Denying 2255 Motion," (Doc. No. 9), filed by counsel.

   **I.  BACKGROUND**

   Petitioner pled guilty to theft from a licensed firearm dealer and aiding and abetting the

same and was sentenced to 57 months' imprisonment. (3:16-cr-303, Doc. No. 22). The Fourth

Circuit Court of Appeals dismissed Petitioner's direct appeal on March 29, 2018. (Id., Doc. No.

98).

   Petitioner filed a *pro se* § 2255 petition in the instant case on March 12, 2018, arguing that

counsel was ineffective for failing to object to the four-level increase pursuant to Guidelines §

2K2.1(b)(6)(B) because he did not possess any firearm when he entered the gun store that he

burglarized, did not use any of the stolen weapons to commit a separate offense, and is therefore

being punished twice for the same conduct. The Court denied the § 2255 petition on the merits on

May 16, 2018. Guy v. United States, 2018 WL 2244726 (W.D.N.C. May 16, 2018).

   Counsel filed a Notice of Appearance in the instant case on May 23, 2018, (Doc. No. 6),

and filed a Motion to Extend Time to File Motion for Reconsideration on June 14, 2018, (Doc. No. 7). The Court denied reconsideration under Rule 59(e) as time-barred and denied an extension of time as unauthorized, without prejudice for Petitioner to seek reconsideration under Rule 60(b).

Counsel filed the instant "Amended Motion to Vacate and/or for Reconsideration of Order Denying 2255 Motion" on September 18, 2018. Counsel argues that Petitioner's *pro se* § 2255 petition was "inadequate at the time … [but] has become meritorious and worthy of reconsideration." (Doc. No. 9 at 2). He argues that: (1) Petitioner's sentence exceeds the statutory maximum because he does not qualify for enhancements under U.S. Sentencing Guidelines §§ 2K2.1(b)(6)(B) or 2K2.1(b)(1); and (2) the Court was required to notice the United States and hold a hearing before denying the § 2255 petition.

## II.     LEGAL STANDARDS

### (1)     Motion to Amend

The Federal Rules of Civil Procedures apply to § 2255 proceedings "to the extent that they are not inconsistent with any statutory provisions" or the Rules Governing § 2255 Proceedings. Rule 12, Rules Governing § 2255 Proceedings. Motions to amend are governed by Rule 15 of the Federal Rules of Civil Procedure. "A court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered.'" Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) (quoting Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006)). Motions for leave to amend should generally be granted in light of "this Circuit's policy to liberally allow amendment." Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010). However, a district court may deny leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

**(2)      Motion for Reconsideration**

Rule 60 provides permits a court to correct orders and provide relief from judgment under

the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through

(3), "no more than a year after the entry of the judgment or order or the date of the proceeding."

Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden

of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th

Cir. 2017).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final

judgment." Compton v. Alton Steampship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and

internal quotation marks omitted). A movant must first show that he has moved in a timely fashion,

that he has a meritorious defense to the judgment, that the opposing party would not be unfairly

prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d

496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton,

608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion

falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from

judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(5) or (6). Id.

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition). "When [a] motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application." Winestock, 340 F.3d at 207.

**III.    DISCUSSION**

**(1)    <u>Motion to Amend</u>**

Petitioner seeks to amend the § 2255 petition and argue that Petitioner's sentence exceeds the statutory maximum because the Court applied two inapplicable guidelines enhancements. He reiterates Petitioner's § 2255 claim that he does not qualify for the enhancement under § 2K2.1(b)(6)(B) for using or possess a firearm or ammunition in connection with *another* felony offense. He also raises a new claim that a six-level enhancement pursuant to § 2K2.1(b)(1) for between 25 and 99 firearms does not apply because only 23 firearms were actually recovered.

The Court agrees with Petitioner that the Motion to Amend has been filed within one year of the date when Petitioner's criminal judgment became final. 28 U.S.C. § 2255(f)(1); <u>see</u> (Doc. No. 9 at 4). The Motion for Leave to Amend will nevertheless be denied as futile. Plaintiff's claim with regards to § 2K2.1(b)(6)(B) is meritless for the reasons set forth in the Order denying § 2255 relief. (Doc. No. 4 at 3-4). Plaintiff's new claim that he received a six-level enhancement for 25-99 firearms pursuant to § 2K2.1(b)(1), is conclusively refuted by the record. The PSR included a six-level enhancement for 25 or more firearms. However, "[t]he Government conceded the offense involved 24 firearms [and] [t]he Court found the offense involved 8 to 24 firearms resulting in a four-level increase pursuant to USSG § 2K2.1(b)(1)(B)" which lowered the guidelines imprisonment range to 57-71 months' imprisonment. (3:16-cr-303, Doc. No. 82 at 1: SOR); <u>see</u> (Doc. No. 4 at 2) (procedural history explaining that, "[a]t sentencing, the guideline range was adjusted to reflect the correct number of firearms involved…."). Petitioner's contention that he received a six-level enhancement is therefore factually incorrect and his Motion seeking to amend the § 2255 petition to add that claim would be futile.

Petitioner's Motion seeking leave to amend will therefore be denied.

**(2)** **Motion for Reconsideration**

Relief is also unavailable under Rule 60(b). This is a mixed Rule 60(b)/§ 2255 petition because Petitioner both attacks his sentence and alleges that procedural error occurred in the § 2255 proceedings. See United States v. McRae, 793 F.3d 392 (4th Cir. 2015). Courts generally afford a petitioner the opportunity to either abandon his successive § 2255 claims and proceed with the Rule 60(b) motion or proceed with the motion and have it dismissed as an unauthorized successive § 2255 petition. See id.; Winestock, 340 F.3d at 207. Ordering Petitioner to elect between these alternatives would be futile in the instant case because, even if Petitioner chose to abandon his successive § 2255 claims, his Rule 60(b) motion would be denied because no error occurred in the § 2255 proceedings. See generally United States v. Walton, 587 Fed. Appx. 83 (4th Cir. 2014) (affirming the portion of the district court's order denying petitioner's motion for relief under Rules 36 and 60(a) and dismissing the portion of the order dismissing petitioner's motion as an unauthorized successive § 2255).

First, Petitioner's guideline calculation claims directly attack his sentence and are therefore in the nature of § 2255 claims. See Gonzalez, 545 U.S. at 531. Petitioner does not allege that he has obtained leave from the Fourth Circuit to file a second or successive § 2255 petition. Therefore, to the extent Petitioner seeks relief under Rule 60(b), this is an unauthorized second or successive § 2255 petition over which the Court lacks jurisdiction. Id.

Second, to the extent Petitioner argues that the Court procedurally erred in the § 2255 proceeding, reconsideration is denied because no error occurred. Petitioner contends that the court erred by failing to notice the United States and hold a hearing before denying the § 2255 petition. A court is obligated to notice the United States and hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief…." 28

U.S.C. § 2255(b). Plaintiff's claims were conclusively refuted by the record and the Court was within its discretion to summarily deny them. See generally Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970) ("Where the files and records conclusively show that the prisoner is entitled to no relief, summary dismissal is appropriate. If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government."). No error occurred in the § 2255 proceedings and Petitioner's motion for reconsideration on this ground is denied.

Therefore, to the extent Petitioner seeks reconsideration pursuant to Rule 60(b), his Motion is construed in part as an unauthorized second or successive § 2255 petition that is dismissed for lack of jurisdiction, and it is denied in part because no error occurred.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's "Amended Motion to Vacate and/or for Reconsideration of Order Denying 2255 Motion" is construed as a Rule 15 Motion to Amend which is denied, and a Rule 60(b) Motion for Reconsideration, which is dismissed in part for lack of jurisdiction and denied in part.

**IT IS, THEREFORE, ORDERED** that:

1.     Petitioner's "Amended Motion to Vacate and/or for Reconsideration of Order Denying 2255 Motion," (Doc. No. 9), is **DISMISSED** in part and **DENIED** in part for the reasons stated in this Order.

Signed: September 24, 2018

Robert J. Conrad, Jr.
United States District Judge

7